IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

McARTHUR LYNCH, JR.,           )
AIS #179533,                   )
                               )
            Plaintiff,         )
                               )
      v.                       )    CIVIL ACTION NO. 3:20-CV-375-MHT
                               )              (WO)
                               )
AMY NEWSOME, et al.,           )
                               )
            Defendants.        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

McArthur Lynch, Jr., an indigent state inmate, on June 5, 2019.[2] Lynch is currently serving

concurrent sentences of 15 and 30 years for various sexual offense convictions imposed

upon him in November of 2012 by the Circuit Court of Randolph County, Alabama.[3] In

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2] Lynch initially filed the complaint in the United States District Court for the Northern District of Alabama. The Clerk of that court indicated receipt of the compliant on June 6, 2019. Doc. 1 at 1. Lynch, however, executed the complaint on June 5, 2019. Doc. 1 at 4. Thus, the latter date is the earliest date he could have placed the complaint in the prison mail system. A *pro se* inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Fuller v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The court therefore deems June 5, 2019 as the date of filing.

[3] The entries on the case action summary sheet for the Circuit Court of Randolph County, Alabama, maintained by the Alabama Trial Court System and hosted at www.alacourt.com., establishes that on November 7, 2012 a duly empaneled jury convicted Lynch of a violation of the Alabama Community Notification Act, two counts of sexual abuse of a child under the age of twelve and one count of attempted sodomy first degree. The state court record further demonstrates that on November 29, 2012 the trial court sentenced Lynch to concurrent sentences of 15 years imprisonment for the community notification conviction and 30 years imprisonment for the remaining convictions, respectively. In addition, the case action summary sheet lists Lynch's date of birth as January 15, 1975, making Lynch

this complaint, Lynch challenges the constitutionality of these convictions.  Doc. 1 at 2–4.

Lynch also complains that during his confinement in the Randolph County Jail in 2012

while awaiting trial several inmates assaulted him, another inmate stole a picture of his son

and "officer[s] spit in [his] ice cooler and put stuff in [his] food."  Doc. 1 at 3.[4]  Lynch

names numerous defendants in this case all of whom were in some way involved with his

convictions.  Lynch seeks monetary damages from the defendants for his convictions and

resulting imprisonment on such convictions and his freedom from incarceration.  Doc. 1 at

4.

Upon a thorough review of the complaint, the undersigned concludes that this case

is due to be dismissed prior to service of process in accordance with the provisions of 28

U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[5]

---

over 19 years of age at the time of the actions about which he complains.  As permitted by applicable federal law, the court takes judicial notice of this state court document.  *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

[4]The record in a prior habeas action filed by Lynch establishes that Lynch in such habeas action raised a majority of the claims challenging his convictions that he now presents in the instant complaint.  *See Lynch v. Myers, et al*., Civil Action No. 16-CV-73-WKW-TFM (M.D. Ala. Oct. 2018), Doc. 1.  This court denied the habeas petition and dismissed the case with prejudice as Lynch filed the petition after expiration of the one-year period of limitation applicable to federal habeas actions.  *Id*. at Docs. 27 & 28.  Under well-established law, this court takes judicial notice of its own records.  *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir.2009).

[5]The United States District Court for the Northern District of Alabama granted Lynch leave to proceed *in forma pauperis* in this 42 U.S.C. § 1983 case.  Doc. 3 at 1.  Even though Lynch is required to pay the filing fee over the course of time from funds which become available to him, the court remains obligated to screen the complaint for possible summary dismissal.  *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.).  Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. § 1915A(b)(1)-(2) ("On review [of a prisoner's complaint against government officials], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

## II.  DISCUSSION

### A.  Claims Related to Confinement in the Randolph County Jail[6]

Lynch challenges the constitutionality of actions which occurred and conditions of his confinement while incarcerated at the Randolph County Jail in 2012.  Doc. 1 at 3.  These claims are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The actions and conditions at the Randolph County Jail challenged in the complaint occurred in 2012.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Lynch from application of the time bar.[7]  The statute of limitations applicable to Lynch's claims which arose during his confinement in the Randolph County Jail

---

[6]The only defendant named by Lynch associated with the Randolph County Jail is William Dillard, the administrator of the county jail during the time relevant to his clams.

[7]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action," but such tolling shall not exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a).  The state court records of which the court has taken judicial notice demonstrate that Lynch had not been deemed legally insane nor was he under the age of 19 at the time his claims regarding confinement in the Randolph County Jail accrued.

therefore began to run in 2012.  The limitations period ran uninterrupted until its expiration in 2014.  Lynch filed the instant complaint on June 5, 2019.  Thus, the filing of this civil action occurred more than four years after expiration of the applicable period of limitations.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense.  The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte."  *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint and relevant judicially noticed state court records, Lynch has no legal basis on which to proceed with respect to his claims challenging the constitutionality of actions which occurred and conditions to which he was subjected at the Randolph County Jail in 2012. As previously determined, the statutory tolling provision is unavailing. Consequently, the governing two-year period of limitations expired in 2014, years prior to Lynch filing the present complaint. In light of the foregoing, the court concludes that Lynch's claims challenging actions and conditions that occurred during his 2012 term of confinement in the Randolph County Jail are barred by the applicable statute of limitations and are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d at 640, n.2; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B. Claims Against Assistant District Amy Newsome**

Lynch names Amy Newsome, the Assistant District Attorney who prosecuted his cases, as a defendant. Specifically, Lynch alleges Newsome suppressed a statement from the victim's mother which could have been used to impeach her trial testimony, presented testimony at trial he believes is false, allowed the grand jury to list the wrong child as his victim and led the child victim during her direct examination of the victim. Doc. 1 at 3. Under well-settled law, the claims lodged against defendant Newsome entitle him to no relief.

"[A] prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government." *Buckley v. Fitzsimmons*,

509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when [she] acts within the scope of [her] prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government.").  The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986).  Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Insofar as Lynch seeks relief from the assistant district attorney for actions undertaken during Lynch's trial, it is clear that these actions occurred while defendant Newsome engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which she is entitled to absolute immunity. *Buckley*, 509 U.S. at 273;

*Burns*, 500 U.S. at 493.  Thus, Lynch's claims against defendant Newsome are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[8]

Moreover, for the reasons set forth below, *see infra* at 10–14, Lynch is entitled to no declaratory or injunctive relief for any alleged adverse action of the prosecutor related to his convictions and attendant sentences imposed upon him in 2012 by the Circuit Court of Randolph County, Alabama.

### C.  Claims Against Attorneys Mary Craig and Gregory M. Varner

In the complaint, Lynch names Mary Craig and Gregory M. Varner as defendants. The case action summary of the trial court and the record of the prior habeas action before this court, both of which this court has previously taken judicial notice, show that Mary Craig served as trial counsel for Lynch whereas Gregory M. Varner represented Lynch on appeal of his convictions before the Alabama Court of Criminal Appeals, each on an appointed basis.  Lynch appears to challenge the representation provided to him by Craig and Varner during the trial and appellate proceedings related to his 2012 convictions.  In accordance with applicable federal law, Lynch is entitled to no relief on these claims under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual*

---

[8] The court notes that Lynch's claim against Newsome regarding the use perjured testimony could likewise be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) since this claim was raised and addressed in *Lynch v. Newson, et al.*, Civil Action No. 13-CV-185-TMH-TFM (M.D. Ala. 2013).

*Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . .  [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . .  [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The law is well-settled that an attorney who represents an individual in state criminal proceedings does not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").  Since the representation by counsel about which Lynch complains was not committed by persons acting under color of state law, the § 1983 claims presented against defendants Craig and Varner lack an arguable basis in law

and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[9]

### D.  Perjury Claim

Lynch alleges that witnesses at his trial provided false testimony which led to his convictions.  Doc. 1 at 3.[10]  The only relief requested by Lynch which could be obtained from these defendants is monetary damages and such relief is not available in the instant cause of action as the law is well-settled that 42 U.S.C. § 1983 does not authorize the assertion of a damages claim for alleged acts of perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 334–36 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings);[11] *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988) (holding that whether an individual lied as either a witness or petit juror is immaterial because "he is absolutely immune from liability for damages under 42 U.S.C. § 1983."); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987) ("Witnesses, including police officers, who testify in judicial proceedings are . . . shielded by absolute immunity.").  In light of the foregoing, the perjury claim fails to state a claim on which relief may be granted and is therefore

---

[9]Additionally, the ineffective assistance of counsel claim presented against Mary Craig constitutes a malicious claim due to be summarily dismissed as directed by 28 U.S.C. § 1915(e)(2)(B)(i) because Lynch litigated this claim in his prior 42 U.S.C. § 1983 action.  *See Lynch v. Newson, et al*., Civil Action No. 13-CV-185-TMH-TFM (M.D. Ala. 2013).

[10]The case action summary sheet of Lynch's cases indicates the defendants named in this case who served as witnesses were William Dillard, the jail administrator, James Bailey, an officer with the Roanoke Police Department, and Margaret A. Farrington, an employee of the Department of Human Resources.

[11]In *Briscoe*, the Supreme Court implied that false testimony, in and of itself, does not violate an accused's constitutional rights.  460 U.S. at 327, n. 1.

subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[12]

## E.  Claims Challenging Convictions

Lynch alleges that his convictions for violation of the Community Notification Act, sexual abuse and attempted sodomy violated various rights secured by the Constitution. Doc. 1 at 2–4.  In support of this allegation, Lynch contends that:  (1) The trial court lacked jurisdiction to enter judgment or impose sentence because the charges against him were "made up" by the grand jury, the State and its witnesses; (2) Jurors slept during the trial; (3) The State presented "no proof" he committed the charged offenses; (4) "The State failed to disclose a statement by the victim's mother [given during the investigation] which could have been used to impeach her trial testimony[.]"; (5) "His multiple convictions [for sexual abuse] violated the constitutional prohibit[ion] against double jeopardy[.]"; (6) The indictment was improperly amended prior to trial "causing [him] to be convicted of an offense for which he was not indicted."; (7) The charges against him were false; (8) The "witnesses against him were not truthful[.]"; (9) Prior to amendment, "the indictment listed . . . the wrong victim and wrong crime."; (10) A police officer gave false testimony regarding Lynch's involvement with law enforcement officials prior to his commission of the charged offenses; (11) The prosecutor asked the victim leading questions; (12) The state court record contains no statements or testimony from a doctor and is devoid of DNA

---

[12]Any claim for perjury raised herein against James Bailey could also be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) since this specific claim was previously addressed in *Lynch v. Newson, et al.*, Civil Action No. 13-CV-185-TMH-TFM (M.D. Ala. 2013).

evidence; and (13) The Randolph County Circuit Clerk did not properly identify documents filed by Lynch which "would be a real difference [in the] facts[.]"  Doc. 1 at 2–4.[13]  These claims go to the fundamental legality of Lynch's community notification, sexual abuse and attempted sodomy convictions and the resulting sentences on which he is now incarcerated. In accordance with well-established law, Lynch is entitled to no relief on these claims in this case.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed,

---

[13]In addition to the defendants previously identified in the Recommendation, Lynch names Chris May, the Circuit Clerk of Randolph County. and Jeanine Hineman, a member of the grand jury, as defendants with respect to these claims.  When explaining the actions of defendant May, Lynch references an encounter with this defendant that occurred in 1997 when May served as an officer for the Roanoke Police Department.  Doc. 1 at 4 (May confronted Lynch at Walmart, "push[ed] [his] face up on the door of the car and . . . [caused a] cut by [the] left side of [his] eyes.").  To the extent the reference to this incident can be construed to raise a separate claim for relief, this claim is barred by the statute of limitations as the requisite two-year period of limitation for such claim expired sometime in 1999. Furthermore, with respect to Ms. Hineman, members of grand juries and grand jury forepersons are entitled to absolute immunity where the violations alleged against them are based upon acts performed by them solely in their official capacities as members of a grand jury.  *Cawley v. Warren*, 216 F.2d 74, 76 (7th Cir. 1954).

[are] not cognizable under § 1983.").  "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original).  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

Furthermore, the law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645  (acknowledging that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his incarceration on a sentence of a state court is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (noting *Heck* holds that a state inmate "making a collateral attack on his conviction . . .

may not do that in a civil suit, other than a suit under the habeas corpus statute."). Consequently, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court has emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Lynch's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his 2012 Randolph County convictions and the sentences imposed for such convictions on which he is now incarcerated. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Lynch

attacking the validity of his 2012 convictions and sentences for these convictions are not cognizable in this civil action as a ruling in favor of Lynch on these claims would necessarily imply the invalidity of his convictions and incarceration on the sentences imposed for the challenged convictions.  Thus, these claims provide no basis for relief at this time and, as such, are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[14]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The plaintiff's claims challenging actions which occurred and conditions to which he was subjected at the Randolph County Jail in 2012 and any claim regarding an incident with defendant Chris May in 1997 be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as these claims are barred by the applicable statute of limitations.

2.   The plaintiff's claims against Amy Newsome for actions which occurred during state criminal proceedings before the Circuit Court of Randolph County, Alabama be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

---

[14]Lynch is advised that any habeas petition he files is subject to the procedural limitations imposed upon such petitions, in particular, the one-year limitation period and the successive petition bar.  *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application[and he must receive such order].").

3.   The plaintiff's claims against Mary Craig and Gregory M. Varner for legal representation provided during state criminal proceedings before the Circuit Court of Randolph County, Alabama and the Alabama Court Criminal Appeals, respectively, be DISMISSED with prejudice as directed by 28 U.S.C. § 1915(e)(2)(B)(i).

4.    The plaintiff's claim for damages from witnesses at his trial for the provision of alleged false testimony be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) as this claim entitles him to no relief.

5.   The plaintiff's claims which go to the fundamental legality of the convictions and sentences imposed upon him in November of 2012 by the Circuit Court of Randolph County, Alabama be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief in the instant cause of action.

6.   This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

On or before **June 22, 2020**, the plaintiff may file objections to this Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order

based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of June, 2020.


        /s/   Charles S. Coody
        UNITED STATES MAGISTRATE JUDGE